IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INTERNATIONAL UNION OF PAINTERS AND
ALLIED TRADES DISTRICT COUNCIL NO. 21
HEALTH AND WELFARE FUND
2980 Southampton-Byberry Road
Philadelphia, PA 19154

       :       CIVIL ACTION

       :       NO.

and

INTERNATIONAL UNION OF PAINTERS AND
ALLIED TRADES DISTRICT COUNCIL NO. 21
ANNUITY FUND
2980 Southampton-Byberry Road
Philadelphia, PA 19154

and

INTERNATIONAL UNION OF PAINTERS AND
ALLIED TRADES DISTRICT COUNCIL NO. 21
VACATION FUND
2980 Southampton-Byberry Road
Philadelphia, PA 19154

and

INTERNATIONAL UNION OF PAINTERS AND
ALLIED TRADES DISTRICT COUNCIL NO. 21
FINISHING TRADES OF THE MID-ATLANTIC
REGION
2980 Southampton-Byberry Road
Philadelphia, PA 19154

and

INTERNATIONAL UNION OF PAINTERS AND
ALLIED TRADES DISTRICT COUNCIL NO. 21
SCHOLARSHIP FUND
2980 Southampton-Byberry Road
Philadelphia, PA 19154

and

1

INTERNATIONAL UNION OF PAINTERS AND            :
ALLIED TRADES DISTRICT COUNCIL NO. 21          :
JOB ORGANIZATION PROGRAM TRUST FUND            :
2980 Southampton-Byberry Road                  :
Philadelphia, PA 19154                         :
                                               :
                                               :
            and                                :
                                               :
                                               :
JOSEPH ASHDALE, TRUSTEE                         :
International Union of Painters and Allied Trades :
District Council No. 21 Health and Welfare Fund :
2980 Southampton-Byberry Road                  :
Philadelphia, PA 19154                         :
                                               :
                                               :
            and                                :
                                               :
                                               :
INTERNATIONAL UNION OF PAINTERS AND            :
ALLIED TRADES DISTRICT COUNCIL NO. 21          :
2980 Southampton-Byberry Road                  :
Philadelphia, PA 19154                         :
                                               :
                                               :
            and                                :
                                               :
                                               :
INTERNATIONAL UNION OF PAINTERS AND            :
ALLIED TRADES FINISHING TRADES                 :
INSTITUTE                                      :
7230 Parkway Drive                             :
Hanover, MD 21076                              :
                                               :
                                               :
            and                                :
                                               :
                                               :
INTERNATIONAL UNION OF PAINTERS AND            :
ALLIED TRADES LABOR MANAGEMENT                 :
COOPERATIVE FUND                               :
7234 Parkway Drive                             :
Hanover, MD 21076                              :
                                               :
                                               :
            and                                :
                                               :
                                               :
INTERNATIONAL UNION OF PAINTERS AND            :
ALLIED TRADES DISTRICT COUNCIL NO. 21          :
2980 Southampton-Byberry Road                  :
Philadelphia, PA 19154                         :
                                               :
                                               :
                    Plaintiffs,                :

2

v.                                    :
                                      :
METRO GLASS AND METAL                 :
530 W. Butler Avenue                  :
Chalfont, PA 18914                    :
                                      :
                                      :
     and                              :
                                      :
MARRERO GLASS AND METAL, INC.         :
406 Caredean Drive                    :
Horsham, PA 19044                     :
                                      :
     and                              :
                                      :
JAIME MARRERO a/k/a JAIME MARRERO SR. :
406 Caredean Drive                    :
Horsham, PA 19044                     :
                                      :
     and/or                           :
                                      :
530 W. Butler Avenue                  :
Chalfont, PA 18914                    :
               Defendants.            :

## C O M P L A I N T

### Introduction

Plaintiffs, International Union of Painters and Allied Trades District Council No. 21

Health and Welfare Fund, International Union of Painters and Allied Trades District Council No.

21 Annuity Fund, International Union of Painters and Allied Trades District Council No. 21

Vacation Fund, International Union of Painters and Allied Trades District Council No. 21

Finishing Trades Institute of Eastern Pennsylvania and Vicinity, Painters District Council No. 21

Scholarship Fund, Painters District Council No. 21 Job Organization Program Trust Fund

(hereafter, "DC21 Funds"), International Union of Painters and Allied Trades Labor

Management Cooperative Fund, International Union of Painters and Allied Trades Finishing

Trades Institute (hereafter, "LMCF" and "FTI", respectively, and together with the aforementioned DC21 Funds collectively, "Plaintiff Funds"), Plaintiff Funds' Trustee Joseph Ashdale, and the International Union of Painters and Allied Trades District Council No. 21 (hereafter "Plaintiff Union") hereby bring this action to compel an audit of, and collect unpaid fringe benefit contributions from, all named Defendants. Plaintiffs bring this action, in part, on the theory that all Corporate Defendants are disguised continuances/alter egos of one another or constitute a single employer and have attempted to obscure their connection to avoid various ongoing obligations they have, or may have, to Plaintiff Union and Plaintiff Funds. Further, Plaintiffs believe that personal liability for the unpaid fringe benefit contributions extends to the individual non-Corporate Defendant as he has had, at various times, access and discretionary authority over monies which constituted benefit fund plan assets under applicable law.

### The Parties

1.      DC21Funds are employee benefit plans pursuant to Section 3(3) of the Employee Retirement Income Security Act (hereafter "ERISA"), 29 U.S.C. Section 1002(3), with their principal office located at 2980 Southampton-Byberry Road, Philadelphia, PA 19154, within this judicial district.

2.      Plaintiff Joseph Ashdale, a trustee of Plaintiff Health and Welfare Fund, acts as a fiduciary on behalf of Plaintiff Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), for the purposes of collecting delinquency contributions and compelling of an audit, and brings this action in such capacity on behalf of all Plaintiff Funds having been so authorized by the Trustees of each of the Plaintiff Funds.

3.      LMCF is an entity that performs certain employer association functions, but also is an unincorporated organization established under 29 U.S.C. §186(c)(9).  Its principal office is located at 7234 Parkway Drive, Hanover, MD 21076.

4.      FTI is a trust fund established under 29 U.S.C. Section §186(5), and a "multiemployer plan," "employee benefit plan," and "employee welfare benefit plan" pursuant to Sections 3(37), (1) and (3) of ERISA, 29 U.S.C. Sections §§1002(37), (1) and (3), with its principal office located at 7230 Parkway Drive, Hanover, MD 21076.  Plaintiff Funds are due and owing relief sought from Metro Glass and Metal and Marrero Glass and Metal, as set forth below.

5.      Plaintiff Union is an unincorporated labor organization within the meaning of Section 3(5) of the Labor Management Relations Act of 1947 (hereafter the "LMRA"), as amended, 29 U.S.C. §185, with its principal office located at 2980 Southampton-Byberry Road, Philadelphia, PA 19154.  Plaintiff Union brings this action in its capacity as collective bargaining agent for the covered employees of the Defendants.

6.      Defendant Metro Glass and Metal (hereafter "Defendant Metro") is a Pennsylvania corporation with its principal office located at 530 W. Butler Avenue, Chalfont, PA 18914.

7.      Defendant Marrero Glass and Metal, Inc. (hereafter "Defendant Marrero") is a Pennsylvania corporation with its principal office located at 406 Caredean Drive, Horsham, PA 19044.

8.      Defendant Metro and Defendant Marrero are, or have been, engaged in interstate commerce within the meaning of  Section 2(6) of the LMRA, as amended, 29 U.S.C. §152(6),

and has employed members of Plaintiff Union pursuant to a collective bargaining agreement(s) in the Commonwealth of Pennsylvania.

9.    Corporate Defendants are Employers within the meaning of Section 2(2) of the National Labor Relations Act and Section 301 of the LMRA, as amended, 29 U.S.C. §§152(2) and 185, and Section 515 of ERISA, 29 U.S.C. §§1002(5) and 1145.

10.    Corporate Defendants constitute a single-integrated enterprise.

11.    Defendant Jaime Marrero a/k/a Jaime Marrero, Sr. (hereafter "Defendant Jaime Marrero"), upon information and belief, is a Pennsylvania resident, owner of both Defendant Metro and Defendant Marrero, and maintains offices at 406 Caredean Drive, Horsham, PA 19044 and/or 530 W. Butler Avenue, Chalfont, PA 18914.

### Jurisdiction and Venue

12.    Jurisdiction of the District Court is invoked pursuant to Section 301 of the LMRA, as amended, 29 U.S.C. §185, in that Defendants are/were employers within the meaning of the LMRA, and party(ies) to a collective bargaining agreement(s) which forms the basis and substance of the matters at issue in this litigation; and 28 U.S.C. §1337, providing for original jurisdiction in civil actions that arise out of an Act of Congress regulating commerce.

13.    Jurisdiction of the District Court is invoked pursuant to the provisions of Section 502 and Section 515 of ERISA, 29 U.S.C. §§1132 and 1145, in that Defendants are employers as defined by ERISA.  The Eastern District of Pennsylvania is the proper venue under ERISA section 502(e)(2), 29 U.S.C. §1132(e)(2), because Plaintiff Funds, with the exception of the LMCI and FTI, are administered in, and Defendants are located in, this judicial district.

<u>Facts Common To All Causes of Action</u>

14.     On or about November 5, 2012, Plaintiff Union and Defendant Metro, by and through the signature of Defendant Jaime Marrero, became parties to a collective bargaining agreement(s) which required that Defendant Metro make certain contributions on a timely basis to Plaintiff Funds, remit certain payments to Plaintiff Union, and make available to an auditor any and all books and records requested for the purpose of verifying the accuracy of contributions made to the Plaintiff Funds. *See Signature Page of Collective Bargaining Agreement between Defendant Metro Glass and Metal, District Council No. 21 International Union of Painters and Allied Trades AFL-CIO-CLC and Architectural Glass and Metal Association of Philadelphia and Vicinity, starting May 1, 2012, dated November 5, 2012,* attached hereto as Exhibit "A." *See also, e.g. February 12, 2013 Escrow Check from Metro Glass and Metal and Jaime Marrero to District Council No. 21 Benefits Office,* attached hereto as Exhibit "B."

15.     Defendant Metro, like all other contributing employers to Plaintiff Funds, is required to submit monthly reports stating the number of hours worked by employees covered by the collective bargaining agreement(s) and to remit contributions to Plaintiff Funds in an amount based upon the number of hours worked multiplied by the hourly rate(s) established by the collective bargaining agreement(s).

16.     In addition, and as part of Defendant Metro's obligations under the collective bargaining agreement, Defendant Metro was required to submit to periodic audits to verify any and all payroll figures upon which Defendant Metro's contributions are based, as well as any additional liabilities that were unpaid to the Plaintiff Funds.

- 7 -

17.     Defendant Metro began to employ members of the Plaintiff Union and remitted its first contribution payment via ACH to the Plaintiff Funds on or about June 14, 2013, consistent with its obligations under the Collective Bargaining Agreement. *See e.g., Defendant Metro Contribution Reports for periods of August 2015 through January 2016 submitted to DC 21,* attached hereto as Exhibit "C".

18.     On or about November 24, 2015, Defendant Marrero was created with the filing of Articles of Incorporation with the Pennsylvania Department of State. *See Marrero Glass and Metal Incorporated Articles of Incorporation filed November 24, 2015, attached hereto as Exhibit "D".*

19.     On or about December 30, 2015, Defendant Metro last remitted a timely contribution to the Plaintiff Funds for work performed in the November 2015 work period, and thereafter, represented to Plaintiff Union and Plaintiff Funds that it had ceased operation.

19.     On or about January 14, 2016, Defendant Marrero, by and through the signature of Defendant Jaime Marrero, commenced a collective bargaining relationship with Plaintiff Union. *See Signature Page of Collective Bargaining Agreement between Defendant Marrero Glass and Metal, District Council No. 21 International Union of Painters and Allied Trades AFL-CIO-CLC and Architectural Glass and Metal Association of Philadelphia and Vicinity, starting May 1, 2015, dated January 14, 2016,* attached hereto as Exhibit "E."

20.     Using the same tools, machinery, and transportation utilized by Defendant Metro during its operation, performing the same type of work for an identical customer base, Defendant Marrero began to employ members of the Plaintiff Union and submitting contribution reports to the Plaintiff Funds for work performed by those members. *See e.g., Contribution Reports for periods of July 2016 through April 2017 submitted to DC 21,* attached hereto as Exhibit "F". *See,*

*e.g., Contribution Remittance Payments, dated May 25, 2016 and December 1, 2016 respectively, made by Defendant Marrero to Plaintiff Funds*, attached hereto as Exhibit "G".

21.    Identical to the contractual obligations which governed Defendant Metro's relationship with Plaintiff Union, Defendant Marrero is required by the Collective Bargaining Agreement to make certain contributions on a timely basis to Plaintiff Funds, remit certain payments to Plaintiff Union, and make available to independent auditors any and all books and records requested for the purpose of verifying the accuracy of the contributions made to the Plaintiff Funds.

22.    Plaintiff Funds, by and through an independent auditor, contacted both Defendant Metro and Defendant Marrero in writing to schedule audits of the respective companies and requested specific documents in order to accurately conduct such audit of both companies. *See Correspondence dated January 5, 2017 from Novak Francella LLC to Controller of Marrero Glass and Metal, Inc.,* attached hereto as Exhibit "H". *See also Correspondence dated February 8, 2017 from Novak Francella LLC to Controller of Metro Glass and Metal*, attached hereto as Exhibit "I".

23.    The independent auditor's correspondence advised Defendant Metro that Plaintiff Funds were looking to examine the period of January 1, 2014 through present. *See Exhibit I.*

24.    Later the independent auditor's correspondence subsequently advised Defendant Marrero that Plaintiff Funds were looking to examine the period of January 1, 2016 through present. *See Exhibit H.*

25.    Despite being signatory to the collective bargaining agreement, Defendant Metro continuously refuses to comply with all audit requests of the Plaintiff Funds and will not permit the auditor to do an on-site audit at Defendant Metro's place of business.

26.     Through the independent auditor, Plaintiff Funds commenced its audit of Defendant Marrero, pursuant to the terms of the collective bargaining agreement, with the employer turning over some requested payroll records but, Defendant Marrero has since ceased cooperating with the auditor and refuses to permit the auditor to conduct the audit on-site.

27.     Further, while refusing to fully comply with audit requests of the Plaintiff Funds, Defendant Marrero has become delinquent in remitting contribution payments which are immediately due and owing to the Plaintiff Funds in the approximate amount of $110,968.65 to date for work performed during the periods of July 2016, August 2016, September 2016, November 2016, December 2016, January 2017, February 2017, March 2017 and April 2017. *See Marrero Glass and Metal Employer Contribution Inquiry dated June 15, 2017,* attached hereto as Exhibit "J"; *see also Missing Hours Reported by Member Charles Holmes for Periods of July 2016 through November 2016,* attached hereto as Exhibit "K"; *see also Missing Hours Reported by Member Donald Pierson for Periods of July 2016 through September 2016,* attached hereto as Exhibit "L"; *and see also Paystubs for Hours Worked by Member Eric Jahr for Periods of October 2016 through November 2016,* attached hereto as Exhibit "M".

28.     At no time during its relationship with the Plaintiff Union has Defendant Marrero given written notice of its desire to modify or terminate its contractual relationship and continues to amass delinquencies owed to the Plaintiff Funds for covered work performed.

29.     Defendant Metro, Defendant Marrero, and Defendant Jaime Marrero all continue to work within the jurisdiction of this Court performing similar work, with owner, Defendant Jaime Marrero operating both Corporate Defendants as a single-integrated enterprise.

30.     Upon information and belief, because Defendant Jaime Marrero is the owner of both Corporate Defendants, he is and/or has been in control of a portion of the plan assets of one

or more of Plaintiff Funds in the form of unpaid benefit contributions, and therefore is personally liable for the management of those plan assets under ERISA.

31.     Upon information and belief, Plaintiff Jaime Marrero has disregarded the corporate forms of the Corporate Defendants, including but not limited to, the intermingling of personal and corporate assets.

**First Cause of Action**
**Defendant Metro's Continuing Obligations to Plaintiff Funds**

31.     Plaintiffs hereby incorporate the allegations of paragraphs 1 through 30, as if set forth fully herein.

32.     Under the terms of the applicable collective bargaining agreement to which Defendant Metro was a party, it is/was obligated to remit certain payments to Plaintiff Funds for the performance of covered work by its employees up to the date of the company's supposed termination of its relationship with Plaintiff Union in December 2015.

33.     Under the terms of the same collective bargaining agreement, Defendant Metro is also required to permit Plaintiff Funds to conduct audits at reasonable intervals to determine the accuracy of the contributions remitted by the company.

34.     Plaintiffs believe, and therefore aver that, by preventing the Plaintiff Funds from conducting an audit to determine the accuracy of Defendant Metro's contribution reports and remittances to the Plaintiff Funds, Defendant Metro has failed to comply with the terms of the applicable collective bargaining agreement and continues to owe contributions, interest, and penalties to Plaintiff Funds.

35.     Plaintiffs believe that, upon an audit and accounting of Defendant Metro's payroll records from January 1, 2014 to present, the records may show that Defendant Metro is delinquent in making contributions and payments due and owing to Plaintiff Funds for work performed pursuant to the applicable collective bargaining agreement.

36.      Upon information and belief, Plaintiffs aver that Defendant Metro substantially continues its operation at present, and created and maintains an alter ego company, Defendant Marrero, for the purpose of evading its obligations under its collective bargaining agreement with Plaintiff Union.

37.      Additionally, upon information and belief, Plaintiffs believe that a full audit of Defendant Metro's alter ego and/or single employer entity, Defendant Marrero, will show that it is also delinquent in making contribution payments to Plaintiff Funds for work performed since its creation.

38.      In the alternative, upon information and belief, Plaintiffs aver that because both Defendant Metro and Defendant Marrero constitute a single employer, both Defendants have breached their collective bargaining obligations to Plaintiffs by failing to permit audits to be completed, and failing to report hours and contributions for work covered by the collective bargaining agreement.

39.      Some or all of the unpaid contributions owed by Defendant Metro and its alter ego, Defendant Marrero, constitute plan assets of one or more Plaintiff Funds as that term is defined under ERISA.

40.      Upon information and belief, because Defendant Jaime Marrero is the owner of both Corporate Defendants, he is and/or has been in control of a portion of the plan assets for one or more Plaintiff Funds in the form of unpaid benefit contributions, and therefore is personally liable for the management of those plan assets under ERISA.

**WHEREFORE,** Plaintiffs request this Court to grant judgment against the Corporate Defendants, jointly and severally as alter egos, and in favor of Plaintiffs and to award relief as follows:

a.      Judgment in the amount representing the total accumulated delinquency of Corporate Defendants, or such other amount as may be due and owing when this cause of action reaches judgment;

b.      Injunctive relief ordering Defendants to fully submit to an audit of their payroll records by an auditor of the Plaintiffs' choosing at such reasonable times as the Plaintiffs may request;

c.      Injunctive relief ordering Defendants to produce all documents necessary to complete the audit, as requested by the auditor and which relate to Defendant Metro and Defendant Marrero from November 2012 through to the present;

d.      An audit as permitted by the 2012 Collective Bargaining Agreement to which Defendant Metro was from November 2012 through to the present;

e.      An accounting of all amounts due to Plaintiff Funds based upon examination of Defendant Metro and/or all Corporate Defendants' payroll records from the dates of their creation to the present;

f.      Reasonable counsel fees, interest and costs of suit, including costs of any audit performed; and

g.      Other relief as the Court deems just and proper.

## <u>Second Cause of Action</u>
### Defendant Marrero's Continuing Obligations to Plaintiff Funds

41.     Plaintiffs hereby incorporate the allegations of paragraph 1 through 40, as if set forth fully herein.

42.     Defendant Marrero is, and has been, performing covered work pursuant to a collective bargaining agreement with Plaintiff Union since at least January 2016.

43.    Under the terms of the collective bargaining agreement and, based upon performance of covered work by its employees, Defendant Marrero is obligated to remit certain payments to Plaintiff Funds.

44.    Accordingly, Defendant Marrero is required to make contributions on behalf of its employees for work performed from at least January 2016 through the present.

45.    Notwithstanding its obligations so contained in the collective bargaining agreement, Defendant Marrero has employed workers for whom it has failed to remit the required benefit contributions for the periods of July 2016, August 2016, September 2016, November 2016, December 2016, January 2017, February 2017, March 2017, and April 2017, thus resulting in a delinquency at present of approximately $110,968.65.

46.    Under the terms of the same collective bargaining agreement, Defendant Marrero is also required to permit Plaintiff Funds to conduct audits at reasonable intervals to determine the accuracy of the contributions remitted by the company.

47.    Upon information and belief, Plaintiffs believe, and therefore aver that, by preventing the Plaintiff Funds from conducting a full audit to determine the accuracy of Defendant Marrero's contribution reports and remittances to the Plaintiff Funds, Defendant Marrero has failed to comply with the terms of the applicable collective bargaining agreement and may owe additional contributions, interest, and penalties to Plaintiff Funds.

48.    Additionally, upon information and belief, Defendant Marrero, is and has since its creation, operated as a disguised continuance/alter ego and/or single employer entity of Defendant Metro.

49.    Plaintiffs believe the audit of Defendant Marrero's alter ego and/or single employer entity, Defendant Metro, would show that Defendant Metro is also delinquent in making contribution payments to Plaintiff Funds for certain work it performed between January

2014 to present – unpaid contributions which are immediately due and owing and for which Defendant Marrero is fully liable as Defendant Metro's alter ego and/or single employer entity.

50.     Some, or all, of the unpaid contributions owed by Defendant Marrero and Defendant Metro to Plaintiff Funds constitute plan assets of one or more Plaintiff Funds as that term is defined under ERISA.

51.     Upon information and belief, because Defendant Jaime Marrero is the owner of both Corporate Defendants, he is and/or has been in control of a portion of the plan assets for one or more of Plaintiff Funds in the form of unpaid benefit contributions, and therefore is personally liable for the management of those plan assets under ERISA.

**WHEREFORE**, Plaintiffs request this Court to grant judgment against the Corporate Defendants and in favor of Plaintiffs, and to award relief as follows:

a.     Injunctive relief ordering Defendants to fully submit to an audit of their payroll records by an auditor of the Plaintiffs' choosing at such reasonable times as the Plaintiffs may request;

b.     Injunctive relief ordering Defendants to produce all documents necessary to complete the audit, as requested by the auditor and which relate to Defendant Marrero and Defendant Metro from November 2012 through to the present;

c.     Declaratory relief providing that Defendant Marrero is the alter ego and/or single employer of Defendant Metro;

d.     Judgment against Defendants in the amount found to be due and owing, including any accrued contribution delinquencies and, delinquencies uncovered by and through an audit, that are owed as of the date this claim is reduced to judgment;

e.     Order directing Defendant Marrero to remit contributions to Plaintiff Funds for all covered work;

f.    Reasonable counsel fees, interest, and costs of suit, including costs of audit;

g.    Liquidated damages, as provided by the applicable collective bargaining agreement(s) and by Section 502 of ERISA; and

h.    Other relief as the Court deems just and proper.

### Third Cause of Action

**Jaime Marrero, Sr. a/k/a Jaime Marrero – Personal Liability Due to Breach of Fiduciary Duty**

52.    Plaintiffs hereby incorporate the allegations of paragraphs 1 through 51, as if set forth fully herein.

53.    Defendant Jaime Marrero, as the owner of both Corporate Defendants, had at various times, discretionary control of assets of Defendant Metro and Defendant Marrero, including amounts representing unpaid benefit contributions, and thus became a fiduciary with respect to one or more of Plaintiff Funds.

54.    In failing to pay the delinquent contributions, Defendant Jaime Marrero breached his fiduciary obligations to Plaintiff Funds.

55.    Defendant Jaime Marrero is personally liable for such breach of duty.

**WHEREFORE,** Plaintiffs request this Court to grant judgment against Defendant Jaime Marrero personally, and in favor of the Plaintiffs and to award relief as follows:

a.    Judgment in the amount representing the total accumulated delinquency of the Corporate Defendants, or such other amount as may be due and owing when this matter reaches judgment;

- 16 -

      b.      An accounting of all amounts due to the various Plaintiffs, based upon examination of Corporate Defendants' payroll records from their respective dates of creation to the present;

      c.      Injunctive relief ordering Defendants to fully submit to an audit of their payroll records by an auditor of the Plaintiffs' choosing at such reasonable times as the Plaintiffs may request;

      d.      Injunctive relief ordering Defendants to produce all documents necessary to complete the audit, as requested by the auditor and which relate to Defendant Marrero and Defendant Metro from November 2012 through to the present;

      e.      Reasonable counsel fees, interest and costs of suit, including costs of audit;

      f.      Injunctive relief ordering Corporate Defendants to remit employer reports, contributions, and other required payments in a timely fashion;

      g.      Liquidated damages as provided by the applicable collective bargaining agreement(s) and by Section 502 of ERISA; and

      h.      Other relief as the Court deems just and proper.

### Fourth Cause of Action

### Jaime Marrero, Sr. a/k/a Jaime Marrero – Personal Liability Due to Piercing the Corporate Veil

56.      Plaintiffs hereby incorporate the allegations of paragraphs 1 through 55, as if set forth fully herein.

57.      Defendant Jaime Marrero has disregarded the corporate forms of the Corporate Defendants, including but not limited to, the intermingling of corporate and personal assets.

58.     Defendant Jaime Marrero established Defendant Marrero as a disguised continuance or alter ego of Defendant Metro in order to evade the described contractual financial responsibilities to the Plaintiffs.

59.     Defendant Jaime Marrero is liable for the debts of the Corporate Defendants.

**WHEREFORE,** Plaintiffs request this Court to grant judgment against Defendant Jaime Marrero personally, and in favor of the Plaintiffs and to award relief as follows:

a.      Judgment in the amount representing the total accumulated delinquency of the Corporate Defendants, or such other amount as may be due and owing when this matter reaches judgment;

b.      An accounting of all amounts due to the various Plaintiffs, based upon examination of Corporate Defendants' payroll records from their respective dates of creation to the present;

c.      Injunctive relief ordering Defendants to fully submit to an audit of their payroll records by an auditor of the Plaintiffs' choosing at such reasonable times as the Plaintiffs may request;

d.      Injunctive relief ordering Defendants to produce all documents necessary to complete the audit, as requested by the auditor and which relate to Defendant Marrero and Defendant Metro from November 2012 through to the present;

e.      Reasonable counsel fees, interest and costs of suit, including costs of audit;

f.      Injunctive relief ordering Corporate Defendants to remit employer reports, contributions, and other required payments in a timely fashion;

g.      Liquidated damages as provided by the applicable collective bargaining

agreement(s) and by Section 502 of ERISA; and

h.      Other relief as the Court deems just and proper.

Respectfully submitted,

**SPEAR WILDERMAN, P.C.**

BY:

MARTIN W. MILZ
SYRETTA J. MARTIN
230 South Broad Street, Suite 1400
Philadelphia, PA 19102
(215) 732-0101
Attorneys for Plaintiffs

Dated: June 16, 2017

- 19 -